UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Bureau of Consumer Financial Protection,<br><br>         Plaintiff,<br><br>  vs.<br><br>Future Income Payments, LLC; FIP, LLC; Cash Flow Investment Partners, LLC; Pension Advance, LLC; BuySellAnnuity, Inc.; Cash Flow Investment Partners East, LLC; Cash Flow Investment Partners Mideast, LLC; Lumpsum Pension Advance Atlantic, LLC; Lumpsum Pension Advance Southeast, LLC; Lumpsum Settlement West, LLC; PAS California, LLC; PAS Great Lakes, LLC; PAS Northeast, LLC; PAS Southwest, LLC; Pension Advance Carolinas, LLC; Pension Advance Midwest, LLC; Pension Loans South, LLC; Scott Kohn; and Does 1-100,<br><br>         Defendants. | Civil Action No. 6:19-2950-BHH<br><br>**<u>OPINION AND ORDER</u>** |

  This matter is before the Court for review of the Report and Recommendation entered by United States Magistrate Kevin F. McDonald on May 21, 2020 ("Report"). (ECF No. 92.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2) for the District of South Carolina, this case was referred to Magistrate Judge McDonald for pretrial handling. In his Report, the Magistrate Judge recommends that the Court grant Plaintiff Bureau of Consumer Financial Protection's ("Bureau") motion for default judgment and appointment of receiver and enter the Bureau's proposed order. (*See id.*)

1

The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## BACKGROUND

The Magistrate Judge entered his Report on May 21, 2020, recommending that this Court find that the well-pleaded allegations in the complaint support the relief sought in the action, including a permanent injunction to prevent future violations of the law, redress and a civil money penalty awarded jointly and severally against the Defendants, and appointment of a receiver to protect the interests of consumers. (ECF No. 92 at 24.) On June 4, 2020, Defendant Scott Kohn ("Kohn") filed objections. (ECF No. 96.) The Bureau filed a reply to Kohn's objections on June 16, 2020. (ECF No. 102.) The matter is ripe for consideration and the Court now makes the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of

---

[1] As always, the Court says only what is necessary to address Defendant's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exists there.

the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

In the Report, Magistrate Judge McDonald concluded that the complaint sufficiently states a deception claim under the Consumer Financial Protection Act of 2010 ("CFPA"), that the complaint sufficiently states Truth In Lending Act ("TILA") and Regulation Z violations by the corporate Defendants, and—since TILA and Regulation Z are federal consumer financial laws under the CFPA—the corporate Defendants' violations of TILA and Regulation Z are separate CFPA violations. (*See* ECF No. 92 at 6–11.) The Magistrate Judge further found that the well-pleaded allegations in the complaint support the relief sought, *to wit*: (1) a permanent injunction to prevent future violations of the law, (2) redress and civil money penalty awarded jointly and severally against Defendants, and (3) appointment of a receiver to protect the interests of consumers. (*Id.* at 11–24.)

Liberally construed, Kohn's objections constitute four assertions of supposed error in the Report, all of which have been waived: (1) the product Kohn and the corporate Defendants ("FIP") offered was a "factoring agreement and not a loan;" (2) the Bureau should have served the "buyers" of the income streams and by failing to do so the Bureau deprived those buyers of "valuable economic information," inflicted cognizable harm on them, and deprived them of their "intangible right to an honest and impartial government;" (3) a provision of the Bureau's organic statute governing removal of the Bureau's Director is unconstitutional; and (4) the Court should consider the "conflict of interest created by the receiver representing both buyers and sellers." (*See* ECF No. 96 at 1–4.)

3

First, Kohn's argument that the product he and FIP offered was a factoring agreement and not a loan is untimely. Courts in this District have often repeated the maxim that a district court need not decide an issue that a litigant waives by failing to first raise it before the Magistrate Judge. For example, in *ContraVest Inc. v. Mt. Hawley Ins. Co.*, 273 F. Supp. 3d 607 (D.S.C. 2017), Judge Norton stated:

> "A magistrate's decision should not be disturbed on the basis of arguments not presented to him." *Keitt v. Ormond*, 2008 WL 4964770, at *1 (S.D.W. Va. Nov. 13, 2008) (quoting *Jesselson v. Outlet Associates of Williamsburg, Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991)). "[T]he purpose of the Magistrates Act is to allow magistrates to assume some of the burden imposed on the district courts and to relieve courts of unnecessary work." *Id.* at *2 (quoting *Jesselson*, 784 F. Supp. at 1228–29). "Allowing parties . . . to raise new issues or arguments at any point in the life of a case would" frustrate this purpose and "result in a needless complication of litigation." *Id.* Instead, "[p]arties should fully plead their claims, and fully advance their arguments, at all stages of litigation, unless they are prepared to waive them." *Id.* Thus, "[t]he [c]ourt is not obligated to consider new arguments raised by a party for the first time in objections to the [m]agistrate's [r]eport." *Dune v. G4s Regulated Sec. Sols., Inc.*, No. 0:13-cv-01676, 2015 WL 799523, at *2 (D.S.C. Feb. 25, 2015). While the court has the power to address such arguments, that power lies within the court's sound discretion. *Id.*

273 F. Supp. 3d at 620 (modifications in original). Kohn had a fair opportunity to respond to the Bureau's complaint and request for default judgment, but never raised his current argument that the product he and FIP offered was not a loan. He has waived this issue and the Court declines to entertain it for the first time here.

In addition, Kohn argues that the "facts alleged by the Bureau in the complaint are insufficient and false and the clerk should dismiss [the] clerk's default entry." (ECF No. 96 at 3.) The Court may set aside an entry of default for good cause. In determining good cause, "a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the

4

defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006) (citations omitted). "[A]s a minimum, a party moving to set aside default must proffer a meritorious defense and an explanation for delay." *Reg'l Med. Ctr. of Orangeburg v. Salem Servs. Grp., LLC*, No. 5:19-CV-00287-JMC, 2020 WL 1956515, at *2 (D.S.C. Apr. 23, 2020), *reconsideration denied*, No. 5:19-CV-00287-JMC, 2020 WL 2850600 (D.S.C. June 2, 2020). Kohn has proffered neither. To support the argument that FIP's products were not loans, Kohn provides a single citation to an "Investor Bulletin" from the Securities and Exchange Commission, the purpose of which is to warn potential investors about the risks involved with buying or selling pension or settlement income streams. (*See* ECF No. 96-1 at 4–7.) The Investor Bulletin does not in any way assert that "buying" or "selling" pension or settlement income streams does not constitute a loan, and it does not undermine the Magistrate Judge's sound analysis in the Report. (*See id.*) Kohn makes no attempt to explain the seventeen (17) month gap between when the Clerk entered default (December 21, 2018) and when he asked this Court to set aside that default (June 4, 2020). Suffice it to say, Kohn has not shown good cause to set aside the default and the objection is overruled.

Second, Kohn has not demonstrated that the Bureau was required to serve the buyers of the income streams sold by FIP. Kohn asserts that the Bureau has "defrauded" the "2600 buyers" by not providing them notice of this action, thereby "denying them the 'right to control' their assets" and denying them "their intangible right to 'an honest and impartial government.'" (*See* ECF No. 96 at 4.) This claim, like Kohn's argument regarding FIP products being factoring agreements and not loans, was never properly presented to

5

the Magistrate Judge and has been waived.

Even if the Court were to consider the claim, it is utterly meritless. Kohn cites 18 U.S.C. § 1346, a provision of the federal criminal code that defines "scheme or artifice to defraud" to include "a scheme or artifice to deprive another of the intangible right of honest services." This statute has no connection to this case and Kohn fails to cite any law to support his claim that the Bureau was required to serve the buyers. The objection is overruled.

Third, Kohn makes two oblique references to a constitutional challenge to the Bureau's leadership structure that was pending in the U.S. Supreme Court at the time he filed his objections. (*See* ECF No. 96 at 2, 4.) The case to which Kohn was referring has now been decided. In *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183, (2020), the Supreme Court held that the for-cause restriction of the President's executive power to remove the Bureau's single Director violated constitutional separation of powers, abrogating *PHH Corporation v. Consumer Financial Protection Bureau*, 881 F.3d 75 (D.C. Cir. 2018), but the removal-protection provision of the Dodd-Frank Wall Street Reform and Consumer Protection Act was severable. *Seila Law*, 140 S. Ct. at 2197, 2211 (remanding for the Court of Appeals to consider whether the civil investigative demand at issue was validly ratified). This issue, like the objections addressed above, was waived. Moreover, Kohn merely references the *Seila Law* case and fails to point to any specific error in the Magistrate Judge's proposed findings and recommendations. Further, given that the removal-protection provision was severable, its unconstitutionality has no bearing on the continued validity of the other provisions in the Bureau's statute, including those under which the Bureau is prosecuting this action. The objection is overruled.

Finally, Kohn asks this Court to consider the "conflict of interest created by the receiver representing both buyers and sellers." (ECF No. 96 at 4.) Kohn waived this issue by failing to raise it before the Magistrate Judge. He does not explain how a Court-appointed receiver, whose duty it would be to balance the equities between those who entered into loans with FIP and those who funded them, would be conflicted. Kohn has not demonstrated any error in the Report and the objection is overruled. The Court finds that having the same receiver for the instant case and the related criminal case will further the goal of fairly distributing FIP's assets.

## **CONCLUSION**

After careful consideration of the relevant materials and law, and for the reasons set forth above, the Court ADOPTS the Report (ECF No. 92) of the Magistrate Judge and incorporates it herein. Accordingly, Defendant Scott Kohn's objections are OVERRULED. The motion default judgment and appointment of receiver (ECF No. 73) is GRANTED and the Court will enter a default judgment following the entry of this Order.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

February 22, 2021
Greenville, South Carolina